IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                  CASE NO. 1:14-CR-10011

KENNETH ATKINS                                                                    DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Dismissal of Indictment. (ECF No. 50). The Government has responded to the motion. (ECF No. 51). The Courts finds that the motion is ripe for consideration.

Defendant alleges that some cash receipts contained in envelopes were seized from his home in West Crossett, Arkansas. Defendant further alleges that these cash receipts have been intentionally destroyed or have been lost through gross negligence, as they are not in the possession of investigators. Defendant further states that these documents are relevant to his defense, as these are the only records of cash receipts by him in 2011. Thus, Defendant asks that the indictment against him be dismissed. Alternatively, Defendant asks for a hearing where he can "demonstrate to the Court the flagrant and prejudicial nature of prosecutorial misconduct." (ECF No. 50, p. 3).

The Government denies that any evidence has been lost or destroyed. In their response, the government refers the Court to an affidavit signed by Officer David Tumey. According to this affidavit, all documents seized from Defendant were removed from their respective envelopes and catalogued by the Arkansas State Police. Officer Tumey states that all documents seized are still in the possession of the Arkansas State Police and that he has never seen the documents that Defendant

claims are missing. Further, Officer Tumey explains that the evidence in this case is kept in his private, locked office and that he is the only person who has a key to access this office.

Although this evidence could be considered potentially exculpatory, Defendant offers no proof that this evidence ever existed or of any specific wrongdoing on behalf of the investigators. Defendant offers only his recollection that the documents in question were located in the envelopes seized by the government and allegations that they can no longer be found. Officer Tumey states in the affidavit that everything seized is still in his possession and he is the only one with access to the storage area. The Court has no reason to doubt the statements contained in Officer Tumey's affidavit. Defendant has not shown that these receipts have been lost or destroyed. In addition, Defendant cites no legal authority to support his assertion that his Motion to Dismiss should be granted or that he is entitled to a hearing.

Accordingly, the Court finds that there is no misconduct by the Government in this case that would require dismissal of the indictment or entitle Defendant to a hearing. For the reasons set forth above, the Court finds that Defendant's Motion for Dismissal of Indictment (ECF No. 50) should be and is hereby **DENIED**.

IT IS SO ORDERED, this 14th day of September, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge