IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

v.                                    No. 1:14-cr-10011
                                      No. 1:18-cv-01054

KENNETH W. ATKINS                                           MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed *pro se* by Kenneth W. Atkins ("Atkins"), an inmate confined at the Montgomery Federal Prison Camp in Montgomery, Alabama.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 210. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 200) be **DENIED**.

1.   **Background**:

On November 19, 2014, Atkins was indicted on one count: Conspiracy to Commit Wire Fraud under 18 U.S.C. §§ 1349 & 1343. ECF No. 1. Count One provided as follows:

> From on or about January 2011 through on or about March 2012, the exact dates being unknown to the Grand Jury, in the Western District of Arkansas and elsewhere, the Defendant, **KENNETH ATKINS**, and others, both known and unknown to the Grand Jury, knowingly and willfully combined, conspired, confederated, agreed to commit an offense against the United States in violation of Title 18, United States Code, Section 1343, namely, to knowingly and intentionally devise a scheme and

-1-

artifice to defraud and to obtain money from Georgia Pacific by means of false and fraudulent pretenses, representations, and promises, as set forth above in paragraphs 1 through 9, all in violation of Title 18, United States Code, § 1349.

ECF No. 1 at 3.

On December 16, 2014, Atkins was arraigned before the Honorable Barry A. Bryant on Count One. ECF No. 5. The Court appointed Bill McLean to represent Atkins. *Id.* Atkins entered a not guilty plea, and was released on bond. *Id.* On May 26, 2015, Atkins filed a Motion to Substitute Attorney. ECF No. 30. On May 28, 2015, this Motion was granted, and Atkins was allowed to proceed *pro se* with Bill McLean to be utilized as "standby counsel to assist in defense." ECF No. 33.

On June 3, 2015, a Superseding Indictment was entered against Atkins, and Atkins was charged on four counts (Counts One to Four). ECF No. 35. Count One provided as follows:

> From on or about January 2011 through on about March 2012, the exact dates being unknown to the Grand Jury, in the Western District of Arkansas and elsewhere, the Defendant, **KENNETH W. ATKINS aka "KEN ATKINS",** and others, both known and unknown to the Grand Jury, knowingly and willfully combined, conspired, confederated, agreed to commit an offense against the United States in violation of Title 18, United States Code, Section 1343, namely, to knowingly and intentionally devise a scheme and artifice to defraud and to obtain money from Georgia Pacific by means of false and fraudulent pretenses, representations, and promises, as set forth in paragraphs 1 through 9, all in violation of Title 18, United States Code, Section 1349.

Count Two provided as follows:

> On or about August 26, 2011, in the Western District of Arkansas, El Dorado Division and elsewhere, the Defendant, **KENNETH W. ATKINS aka "KEN ATKINS",** knowingly engaged and attempted to engage in a monetary transaction through a financial institution, affecting interstate commence, in criminally derived property of a value greater than $10,000.00 that was derived from a specified unlawful activity; that is wire fraud in violation of Title 18, United States Code, Section 1343, to wit: **KENNETH W. ATKINS** caused cashier's check #108803 in the amount of $9,000.00 and cashier's check # 108804 in the amount of $4,000.00

-2-

to be issued from First National Bank in Crossett, Arkansas, which purchased a $13,000.00 tractor when said funds consisted of the proceeds of the specified unlawful activity of wire fraud; all in violation of Title 18, United States Code, Section 1957(a) and (d).

Count Three provided as follows:

On or about January 3, 2012, in the Western District of Arkansas, El Dorado Division and elsewhere, the Defendant, **KENNETH W. ATKINS aka "KEN ATKINS",** knowingly engaged and attempted to engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00 that was derived from a specified unlawful activity; that is wire fraud in violation of Title 18, United States Code, Section 1343, to wit: **KENNETH W. ATKINS** caused cashier's check #108803 in the amount of $9,000.00 and cashier's check # 108804 in the amount of $4,000.00 to be issued from First National Bank in Crossett, Arkansas, which purchased a $13,000.00 tractor when said funds consisted of the proceeds of the specified unlawful activity of wire fraud; all in violation of Title 18, United States Code, Section 1957(a) and (d).

Count Four provided as follows:

On or about January 30, 2013, in the Western District of Arkansas, El Dorado Division and elsewhere, the Defendant, **KENNETH W. ATKINS aka "KEN ATKINS",** knowingly engaged and attempted to engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00 that was derived from a specified unlawful activity; that is wire fraud in violation of Title 18, United States Code, Section 1343, to wit: **KENNETH W. ATKINS** received a check in the amount of $24,150.77 that was issued from Delta Trust in Little Rock, Arkansas as proceeds from the auction of a 2006 Case Super M Series II Loader Backhoe, Serial Number N6C410129, when said backhoe consisted of the proceeds of the specified unlawful activity of wire fraud; all in violation of Title 18, United States Code, Section 1957(a) and (d).

ECF No. 35 at 3-5.

On June 5, 2015, Atkins was arraigned on Counts One to Four. ECF No. 44. Thereafter,

from October 5, 2015 until October 13, 2015, Atkins was tried before a jury. ECF Nos. 100-105.

As per the Court's prior Order (ECF No. 33), Atkins represented himself at the trial with Mr. Bill

McLean appearing as stand-by counsel during the trial to assist Atkins.   On October 14, 2015, Atkins was found guilty by the Jury as to all four Counts of the Superceding Indictment.  ECF No. 108.  Atkins was allowed to remain on pre-trial release following the verdict and pending sentencing. ECF Nos. 109-110.

On January 8, 2016, Atkins filed a Motion to Appoint New Counsel.  ECF No. 123.  With this Motion, Atkins appeared to request appointment of counsel for appeal.  *Id.*   On January 11, 2016, the Court granted the Motion and appointed Mr. James M. Pratt, Jr. to represent Atkins.  ECF No. 128.  Despite having appointed counsel, and having been directed to cease direct communication with the Court, Atkins continued to file to various motions *pro se.*  ECF Nos. 162-164.

The final Pre-Sentence Report (PSR) was filed in this matter on December 16, 2016.  The PSR found that Atkins had a total offense level of 24.  ECF No. 170 ¶ 42.  Further, the PSR determined Atkins had a criminal history category of II.  ECF No. 170 ¶ 49.  These scores resulted in a recommended guideline range of 57-71 months imprisonment, $10,000-$100,000 fine, and supervised release of not more than three (3) years.

On December 21, 2016, the U.S. District Judge Susan O. Hickey sentenced Atkins to the following: 68 months imprisonment on each count to run concurrently; three (3) years supervised release with standard and special conditions on each count to run concurrently; $400.00 special assessment; no fine; and $456,556.91 restitution. ECF No. 171.   Judge Hickey had previously ordered  forfeiture of $402,668.92.

On December 27, 2016, the Court granted Mr. James M. Pratt's Motion to withdraw as counsel.  ECF No. 174.

On January 4, 2017, Atkins filed a *pro se* notice of appeal.  ECF No. 176.  The United States Court of Appeals for the Eighth Circuit then appointed Mr. Pratt to represent Atkins on the pending

appeal.  ECF No. 179.    The Eighth Circuit affirmed the Conviction and Sentence on February 1, 2018.  ECF No. 197-1.

On August 27, 2018, Atkins filed the instant *pro se* Motion pursuant to 28 U.S.C. § 2255. ECF No. 200.  The Government was ordered to provide a response.  ECF No. 201.  On February 15, 2019, the Government responded.  ECF No. 210.  This matter is now ripe for consideration.

**2.    <u>Instant Motion</u>:**

In this Motion, Atkins raises six issues[1]:

A.    Ineffective assistance of counsel because his trial counsel did not raise the fact that the district court allowed him to proceed *pro se* without a *Faretta* hearing;

B.    Ineffective assistance of counsel because his appellate counsel failed to properly argue the district court's erroneous willful blindness instruction when the facts of the case did not support such an instruction;

C.    Ineffective assistance of counsel because appellate counsel "failed to argue that Juror 9 had been coerced into a guilty verdict by the court and other jurors";

D.    Ineffective assistance of counsel because appellate counsel "did not argue that the loss amount was improperly calculated";

E.    Ineffective assistance of counsel because appellate counsel failed to object that he "was placed in criminal category II based on two non-qualifying misdemeanors" which he claims elevated his sentence "which is unconstitutional"; and

F.    Ineffective assistance of counsel because appellate counsel failed "to argue on appeal that money laundering charges should be vacated in light of the Supreme court case U.S. v. Santos stating that expenses related to a fraudulent activity cannot be construed as money laundering based on the

---

[1] Atkins specifically raised four grounds for relief in his Motion.  ECF No. 200.  Ground two raises two parts. Ground three also raises two parts.  Thus, the Court has separated the issues raised into six grounds for relief.

language of the statute."

ECF No. 200.  This matter is now ready for decision.

**3.    __Discussion__**:

Atkins requests relief under 28 U.S.C. § 2255.  ECF No. 39.  A § 2255 motion is fundamentally different from a direct appeal.  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  As noted, Atkins requests relief based upon the six arguments listed above.  The Government has responded to each of these claims.  ECF No. 210.  The Court will address each of these specific issues.

However, as an initial matter and in considering these arguments, the Court notes in order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).  When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)).  "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance

objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 314 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

A.    **Ineffective Assistance: Failure Raise a *Faretta* Hearing**

Atkins claims his trial counsel was ineffective because he failed to demand a *Faretta* hearing pursuant to *Faretta v. California,* 422 U.S. 806 (1975), prior to allowing him to proceed *pro se* during trial. ECF No. 200 at 4. Under Eighth Circuit precedent, *Faretta* requires a defendant to "assert his right to self-representation clearly and unequivocally." *Bilauski v. Steele,* 754 F.3d 519, 521 (8th Cir. 2014).

In the present action, Atkins *did not* "clearly and unequivocally" assert this right. Instead, he stated in his Motion that he still requested "the Court [to] permit appointed Counsel [Bill

McLean] to sit a [at] counsel table during the trial in order to advise Defendant of any court rules that may apply during the trial." ECF No. 30. Accordingly, on the face of his motion, Atkins did not "clearly and unequivocally" assert his right to self-representation; in fact, he apparently wanted to still be represented. Because Atkins did not meet the standard for a *Faretta* hearing, Atkins's counsel was not required to request such a hearing because such a hearing request would have been meritless. *See Thomas v. United States,* 951 F.2d 902, 905 (8th Cir. 1991) (*per curiam*) (recognizing "[c]ounsel's failure to raise these meritless issues does not constitute ineffective assistance").

Furthermore, Atkins has not met the second prong of *Strickland,* namely, a showing of prejudice. Even assuming his counsel should have requested a *Faretta* hearing, Atkins has not demonstrated he was prejudiced by this failure. As the Supreme Court stated in *Faretta*:

> The record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will. The trial judge had warned Faretta that he thought it was a mistake not to accept the assistance of counsel, and that Faretta would be required to follow all the 'ground rules' of trial procedure. We need make no assessment of how well or poorly Faretta had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of potential jurors on voir dire. For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself.

*Faretta*, 422 U.S. at 835–36. Here, Atkins was given a full hearing addressing his decision to represent himself with Bill McLean as standby counsel. ECF No. 32 and 33. Thus, even if his counsel should have formally requested a *"Faretta* hearing," Atkins has made no showing that he was prejudiced by this failure.

## B.    Ineffective Assistance: Willful Blindness Instruction

Atkins claims his appellate counsel was ineffective because he failed to properly present to the Eighth Circuit the issue of whether the "willful blindness" instruction should have been presented to the jury. ECF No. 200 at 31. Atkins *does not* claim his stand by trial counsel was ineffective for

failing to object at trial; instead, he claims his appellate counsel was ineffective for failing to properly argue this issue on appeal. *Id.*

Contrary to Atkins's claims, however, Atkins's appellate counsel in fact argued the issue of whether the "willful blindness" instruction was properly presented to the jury to the Eighth Circuit, and this issue was fully addressed by the Eighth Circuit. ECF No. 197-1 at 7. As such, this issue should not be re-litigated here as a part of a 2255 Motion: "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. 2255." *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003). Thus, the Court should not allow Atkins to relitigate this issue here.

### C.     Ineffective Assistance: Juror 9's Alleged Coercion

Atkins claims his appellate counsel "failed to argue that Juror 9 had been coerced into a guilty verdict by the court and other jurors." ECF No. 200 at 5. Atkins, however, offers no demonstration that Juror 9 was in any way coerced. When the Jury initially indicated it had a verdict, Atkins asked that the Jury be polled. ECF No. 183 at 242-243. Juror 9 initially indicated that she did not find Atkins guilty on all four counts. Whereupon the following interaction occurred between the Court and the Jury:

> THE COURT: Okay. Ms. Cook, is this your verdict on all four counts of the superceding indictment?

> MS. COOK: No. Not on all four.

> THE COURT: Okay. Ladies and gentlemen, I'm going to have to ask you to proceed back up to the jury room if this -- this verdict has to be unanimous. Okay? And I will remind you that -- that you need to make your own decision, that this is a decision on behalf of -- of the jury as a whole. So, I'm going to have to ask you to -- what I am going to do is I am going to -- we are going to print off new jury forms -- verdict forms and I will send them up and you -- you all need to -- to – to continue to deliberate. Okay? So, I am going to ask you to be excused, and David will bring you up some -- some new forms. Okay? Thank you.

-9-

(Jury retires for further deliberations)

ECF No. 183 at 244, lines 10-24.  Following this exchange the Court denied Atkins's request for a mistrial. ECF No. 245-46.

After further deliberation, the Jury again returned its verdict.  The following interaction occurred:

THE COURT: Ladies and gentlemen, I understand you have reached a verdict; is that correct?

JURY FOREMAN RAYNES: Yes, ma'am.

THE COURT:  Okay.  Is your verdict unanimous?

JURY FOREMAN RAYNES:  Yes, ma'am.

ECF NO. 183 at 254.  Atkins again requested the Jury be polled and the following occurred:

THE COURT: Ms. Cook, is this your verdict as to all four counts of the superceding indictment?

MS. COOK: Yes, ma'am.

ECF NO. 183 at 257.  Indeed, despite Atkins's claim to the contrary, there is no indication or demonstration that Juror 9, or any juror for that matter, was coerced.  Thus, Atkins's appellate counsel was under no obligation to raise this issue.  *See Thomas v. United States,* 951 F.2d 902, 905 (8th Cir. 1991) (per curiam) (recognizing "[c]ounsel's failure to raise these meritless issues does not constitute ineffective assistance").  Atkins's speculation that Juror 9 was coerced is not sufficient to justify his appellate counsel raising that issue before the Eighth Circuit.

### D.    Ineffective Assistance: Loss Amount

Atkins claims his appellate counsel failed to object to the loss amount being properly calculated: "Counsel was ineffective because he did not argue that the loss amount was improperly calculated.  Georgia Pacific was made whole by Vescom.  Vescom never filed an affidavit of loss.

-10-

The sentencing under the erroneous loss was unconstitutional." ECF No. 200 at 7.

Upon review, however, the Court finds no basis for a determination that Atkins's appellate counsel was ineffective for failing to raise this to the Eighth Circuit. Indeed, the record regarding loss for which Atkins was held responsible is replete with evidence of the amount of loss. The PSR, the sentencing hearing, and the Statement of Reasons all show ample support for the finding of loss. Atkins has not provided any evidence demonstrating his appellate counsel was ineffective for failing to raise this issue. *See United States v. Theimer,* 557 F.3d 576, 578-79 (8th Cir. 2009) (recognizing the district court is "in a unique position to assess evidence and estimate the loss based upon that evidence"). Again, Atkins's appellate counsel was not ineffective because he failed to raise a meritless argument.

### E.    Ineffective Assistance: "Non-qualifying Misdemeanors"

Atkins claims he was improperly "placed in criminal category II based on two non qualifying mis-demeanors." ECF No. 200 at 7. Upon review of the PSR in this case, Atkins was assessed as a Criminal History Category II based upon two convictions: (1) terroristic threatening (2nd degree) (sentenced to 1 year probation) - conviction date February 17, 2003; and (2) obstructing governmental operations (sentenced to 12 months suspended sentence) - conviction date April 20, 2009. ECF No. 170 at 18.

Considering the United States Sentencing Guidelines, the aforementioned convictions warrant a total of 2 criminal history points. This yields a Criminal History Score of II, as indicated in the PSR. ECF No. 170 at 18. The PSR reflects an accurate calculation of Atkins's Criminal History score. The fact this issue was as not raised on appeal is evidence of appellate counsel's exercise of sound appellate strategy since an argument such this one would not succeed, and Atkins's appellate counsel was not ineffective because he failed to raise a meritless argument.

F.    **Ineffective Assistance:** *U.S. v. Santos*

Atkins claims his appellate counsel was ineffective because he failed "to argue on appeal that money laundering charges should be vacated in light of the Supreme court case *U.S. v. Santos* stating that expenses related to a fraudulent activity cannot be construed as money laundering based on the language of the statute." ECF No. 200 at 8. Upon review, Atkins's appellate counsel did in fact raise the issue of the legality of Atkins's money laundering conviction, and the Eighth Circuit affirmed the conviciton. ECF No. 197-1 at 3-4. Thus, Atkins will not be permitted to relitigate this issue here.[2] *See Bear Stops,* 339 F.3d at 780.

**4.    Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Atkins is clearly not entitled to the relief he seeks.[3] Further, I find Atkins has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.    Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion (ECF No. 200) be **DENIED** and dismissed with prejudice. Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation**

---

[2]Atkins raises the case of *U.S. v. Santos* in attempt to reframe the issue. However, this case was decided in 2008, well before Atkins was even indicted. Thus, Atkins has no basis for attempting to raise this as a "new" argument here regarding money laundering. Further, *Santos* does not invalidate the money laundering statute as it applies to "proceeds" as Atkins suggests.

[3]*See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

   **DATED** this **10th day of June 2019.**

       /s/ *Barry A. Bryant*

       HON. BARRY A. BRYANT
       UNITED STATES MAGISTRATE JUDGE